# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**CAPITAL BUSINESS CREDIT, LLC**                                                 **PLAINTIFF**

**V.**                                                    **NO.: 1:06CV239-M-D**

**HUNTINGTON FABRICS, INC.**                                                 **DEFENDANT**

## ORDER

Plaintiff Capital Business Credit, LLC ("CBC") has filed a motion for summary judgment, pursuant to Fed. R. Civ. P. 56, and defendant Huntington Fabrics, Inc. ("Huntington") has responded to the motion by, *inter alia*, requesting a continuance of the bench trial in this matter, presently set for October 22, 2007. After considering the memoranda and submissions of the parties, the court concludes that the motion for summary judgment should be granted in part and denied in part and that, as to the remaining claims, the motion to continue should be granted. The court also concludes that this case should be consolidated with *Branch Banking and Trust Co. v. Huntington Fabrics, Inc.*, No. 1:06cv260, which is also pending before this court.

This is an action seeking payment of $672,134.90 allegedly owed by defendant Huntington to plaintiff CBC under the terms of a factoring agreement which plaintiff executed with Kings Plush, Inc. ("Kings Plush") in 2002. Under this agreement, CBC purchased the accounts receivables of Kings Plush, which included hundreds of thousands of dollars in unpaid invoices for fabric provided to Huntington. Huntington is a distributor of fabric, and it is undisputed that it regularly purchased large amounts of fabric from Kings Plush, a fabric

supplier. CBC filed the instant lawsuit on September 15, 2006, and it has presently moved for summary judgment, contending that no genuine issue of fact exists regarding its right to recover the aforementioned sum from defendant.

It seems clear that Huntington has been rather derelict in responding to the instant lawsuit, including by filing late responses to requests for admissions and other discovery requests. The court is cognizant, however, of the fact that the Fifth Circuit has cautioned that a district court should not grant a motion to dismiss or summary judgment motion as unopposed absent a "clear record of delay or contumacious conduct." *Johnson v. Pettiford,* 442 F.3d 917 (5th Cir. 2006). In light of this authority, the court has taken a closer look at the circumstances surrounding defendant's failure to properly respond to this lawsuit, and it appears that mitigating factors exist in this regard. First, defendant notes in its recently-filed motion for continuance that its attorney "has suffered serious medical problems involving two knee replacement surgeries, and extensive rehabilitation and treatment over the past few several [sic] months and has not been able to properly prepare this case for trial." Second, defendant asserts that its delay in responding to discovery was motivated partly by a belief that the case was close to settling. The docket does, in fact, reveal that a mediation hearing was set in this case for October 4, 2007 but was cancelled. The court would also note that, on September 21, 2007, attorney Ron Woodruff made an appearance in this case on behalf of defendant for the first time. This attorney has appeared frequently before this court, and the court trusts that his appearance in this case indicates that defendant will, from this date forward, litigate this case in a more expeditious and professional manner. The court has determined to give the defendant the opportunity to do so, but only with regard to the issue of the amount of damages which it owes in this case.

While defendant concedes that it has not paid for a large amount of fabrics provided to it by Kings Plush and that much of this fabric remains at its warehouse, it asserts that this failure to pay arose out of a larger dispute between itself and Kings Plush regarding the latter's decision to begin selling fabrics directly to North Mississippi customers instead of merely serving as a fabric supplier. In his affidavit, Huntington president W.F. Waterer, Jr. asserts that it would be economically unfeasible for defendant to sell the Kings Plush fabric in its inventory to the public now that Kings Plush has decided to enter the retail marketplace on its own and is able to sell the same fabrics at much lower prices. Waterer's affidavit appears to suggest that Sean Gibbons, the owner of Kings Plush, reneged on an agreement to take back the fabric sold to defendant, but defendant's response to the motion for summary judgment characterizes the communications with Gibbons as being failed settlement negotiations which resulted in no agreement. Regardless, neither Gibbons nor Kings Plush is a party to the instant lawsuit, and it does not appear that any basis for a third party claim exists against either.[1]

In light of the foregoing, the court concludes that no genuine issue of material fact exists regarding defendant's legal obligation to pay *some* amount to plaintiff in this case, but the court is willing to grant defendant somewhat more leeway as it relates to the precise amount of damages owed. In so concluding, the court would note the large amount of damages sought by plaintiff, and the court would also note that, even in cases involving complete defaults by defendants, courts generally require proof regarding the amount of damages. In its untimely

---

[1] Clearly, Kings Plush had a right to engage in any lawful business which it chose, and any financial difficulties which Huntington may have experienced as a result do not excuse its failure to pay for fabric which was provided to it. Plaintiff also notes that the time for adding additional parties has passed under the case management order.

response to admissions request number eleven, defendant denied that it had never paid the unpaid invoices in this case, alleging that "all bills owed were paid until about May of 2006." The court is unwilling to simply enter judgment for plaintiff in the amount of $672,134.90 when defendant apparently contends that at least some of the invoices in question have been paid. Accordingly, the court will permit defendant to submit its untimely responses regarding the amount of damages which it owes in this case, and plaintiff's motion for summary judgment will be denied as to the issue of damages. The court will also grant a very brief continuance in this case so that the parties may conduct any further discovery which is necessary regarding the issue of damages.[2]

The court would finally note that defendant has sought to consolidate this matter with *Branch Banking and Trust Co. v. Huntington Fabrics, Inc.*, No. 1:06cv260, which is pending before this court and set for bench trial on November 13, 2007. It is apparent that the facts of these two cases are almost identical, with the primary difference being the factoring company to which the Kings Plush accounts receivables were sold. The court agrees with defendant that a consolidation of these cases is supported by considerations of judicial economy, and the motion to consolidate will therefore be granted, with the instant case being designated as the lead case. Given that a trial in the *Branch Banking* case is already set for November 13, the court concludes that the trial in the consolidated action should go forward at that date.

In light of the foregoing, it is ordered that plaintiff's motion for summary judgment [18-1]

---

[2]The court would also strongly suggest that the parties resume their attempts to settle this matter. Clearly, the parties should be able to come to an agreement regarding the amount of the unpaid invoices in this case, and it is not clear why the intervention of this court should be necessary in this regard.

is granted as to the issue of liability but denied as to the issue of damages. Defendant's motions to continue and to consolidate [40-1, 42-1] are granted, and the trial in the consolidated action is set for November 13, 2007.

      **SO ORDERED**, this the 15th day of October, 2007.

      /s/ Michael P. Mills
      **CHIEF JUDGE**
      **UNITED STATES DISTRICT COURT**
      **NORTHERN DISTRICT OF MISSISSIPPI**